IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                           Case Nos.: GJH-16-655

JOHN DOE,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Malibu Media, LLC ("Malibu") initiated this action for copyright infringement against a John Doe defendant ("Doe" or "Defendant"), on March 5, 2016. ECF No. 1. Presently pending before the Court is a Motion to Quash Subpoena filed by Doe, ECF No. 7. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, the Motion to Quash will be denied.

### I. DISCUSSION

Malibu alleges in this case that a single Doe defendant utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Malibu. Malibu was only able to identify Doe by an Internet Protocol address ("IP address") assigned to a customer on a specific date by an Internet Service Provider ("ISP"). Accordingly, on the same day that it filed the Complaint, Malibu moved to expedite discovery and serve a third party subpoena on the ISP prior to a Rule 26(f) conference in order to obtain the identity of Doe. ECF No. 2. On March 7, 2016, the Court granted that motion subject to numerous conditions and limitations dictated by the sensitive nature of this action and the uncertainty surrounding the

specificity of IP addresses. ECF No. 6. Specifically, the Court indicated in its Order that Doe was permitted to move to quash the subpoena anonymously, but that, in order to do so, he was required to provide his name and current address to the Clerk of the Court so that the Court could provide notice to him of necessary Court filings. The Court indicated that "[t]his may be accomplished by completing and mailing to the Clerk of the Court [an] attached form," an Ex Parte Notice of Identity and Current Address. *See id.* Any such identifying information was not to be disclosed to Malibu.

On April 5, 2016, Doe filed the pending Motion to Quash the third party subpoena and submitted the Ex Parte Notice of Identity and Current Address that was attached to the Court's Order permitting Malibu to expedite discovery. *See* ECF Nos. 7 and 8.

Under Federal Rule of Civil Procedure 45, a court must quash or modify a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond certain geographical limits; requires disclosure of privileged matter; or subjects a person to undue burden. Fed. R. Civ. Pro. 45(d)(3)(A). Furthermore, a court may, in its discretion, quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential business materials or if it requires the disclosure of certain expert testimony. Fed. R. Civ. Pro. 45(d)(3)(B).

Doe does not argue that any of the above-referenced criteria are applicable to his case. Instead, Doe argues that his alleged association with an IP address is insufficient to state a claim; that Plaintiff's geolocation technology, which it uses to identify the relevant IP address, is not as accurate as Plaintiff claims; and that he was not at home when one of the alleged acts occurred. ECF No. 7-1. In other words, Doe contends that Malibu has failed to state a viable claim for relief and that he was not responsible for any alleged copyright infringement.

These arguments fall outside the scope of a Motion to Quash and are therefore unpersuasive. It is well established, "that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films, Inc. v. Does 1–108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012) (quoting *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011)). If the Court were to quash the subpoena on this basis, it would "allow a subscriber to prevent Malibu from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. CIV.A. MJG-14-0747, 2014 WL 7190812, at *2 (D. Md. Dec. 16, 2014). Thus, Doe's Motion to Quash is denied.

**II.    CONCLUSION**

For the reasons stated above, Doe's Motion to Quash the Subpoena, ECF No. 7, is denied. A separate order follows.

Dated: December 12, 2016

_____
GEORGE J. HAZEL
United States District Judge

3